UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          2:13-cr-72-FtM-29DNF

PATRICIA LYNN HOUGH
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant Patricia Lynn Hough's Renewed Motion to Strike UBS Records (Doc. #95) filed on October 11, 2013. The Government's Response (Doc. #97) was filed on October 14, 2013.

Defendant renews her objections to portions of records admitted by the Court under Fed. R. Evid. 803(6) as business records of a foreign bank (UBS). The government supported the admission of the bank records with a foreign certification pursuant to 18 U.S.C. § 3505(a)(1) and the testimony of UBS employee Jean Marc Futterknecht as records custodian. Defendant reasserts her position that neither support the admission of these documents.

The Eleventh Circuit has found that 18 U.S.C. § 3505 does not violate a defendant's Sixth Amendment confrontation rights. United States v. Ross, 33 F.3d 1507, 1515 (11th Cir. 1994). Defendant does not assert otherwise, but argues that the government has not satisfied the requirements of § 3505 or the business records exception found in Fed. R. Evid. 803(6).

Title 18 U.S.C. § 3505 provides for the admission of foreign records without the need for testimony from a records custodian if certain conditions are satisfied:

> (a)(1) In a criminal proceeding in a court of the United States, a foreign record of regularly conducted activity, or a copy of such record, shall not be excluded as evidence by the hearsay rule if a foreign certification attests that--
>
> > (A) such record was made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;
> >
> > (B) such record was kept in the course of a regularly conducted business activity;
> >
> > (C) the business activity made such a record as a regular practice; and
> >
> > (D) if such record is not the original, such record is a duplicate of the original;
>
> unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

18 U.S.C. § 3505. Similarly, the business records exception in the Federal Rules of Evidence provides for the admission of certain business records without the need for a records custodian.

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> (6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:
>
> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).  The parties agree that both the statute and the Rule are interpreted in a similar manner.  Ross, 33 F.3d at 1515.

"The touchstone of admissibility under the business records exception to the hearsay rule is reliability, and a trial judge has broad discretion to determine the admissibility of such evidence." United States v. Bueno-Sierra, 99 F.3d 375, 378 (11th Cir. 1996) (citation omitted).  Contrary to defendant's argument, documents may constitute business records even if they are prepared by an unknown person (and from a different entity than the proponent of the document).

> This court has held that the proponent of a document ordinarily need not be the entity whose first-hand knowledge was the basis of the facts sought to be proved. United States v. Atchley, 699 F.2d 1055, 1059 (11th Cir. 1983).  To satisfy Rule 803(6), however, the proponent must establish that it was the business practice of the recording entity to obtain such information from persons with personal knowledge and the business practice of the proponent to maintain the records produced by the recording entity.

Bueno-Sierra, 99 F.3d at 379.  See also United States v. Atchley, 699 F.2d 1055, 1059 (11th Cir. 1983) (telephone records made and

preserved in the regular course of business were properly admitted without personal knowledge of the identity of the preparer). Annotations on bank records by an unknown party do not necessarily render the document inadmissible under Rule 803(6). United States v. Darling, 396 F. App'x 607, 615-16 (11th Cir. 2010). Additionally, a records custodian need not have personal knowledge of each of the records in order to qualify as a proper records custodian. United States v. Langford, 647 F.3d 1309, 1326-27 (11th Cir. 2011). When a records custodian is utilized, "Fed. R. Evid. 803(6) requires the testimony of a custodian or other qualified witness who can explain the record-keeping procedure utilized. It is not necessary for the person who actually prepared the documents to testify so long as there is other circumstantial evidence and testimony to suggest the trustworthiness of the documents." United States v. Garnett, 122 F.3d 1016, 1018-19 (11th Cir. 1997).

Here, the government utilized two methods to lay the foundation for the business records: The certification complying with Rule 902(11), and the testimony of Mr. Futterknecht, who the Court finds to be an appropriate records custodian. With the relatively few exceptions set forth below, the Court found both methods to be sufficient to establish the trustworthiness of the UBS records and their admissibility under § 3505 and Rule 803(6).

The business records exception does not eliminate double hearsay issues. "Rather, it commands that each link in the chain of possession must satisfy the requirements of the business records

exception or some other exception to the hearsay rule." <u>Bueno-Sierra</u>, 99 F.3d at 379 n.10. Statements in the bank records attributed to defendant Hough are not hearsay. Fed. R. Evid. 801(d)(2)(A). The emails from co-defendant Fredrick to UBS banker Luetolf or other bank employees concerning various banking transactions are also not hearsay, <u>United States v. Cruz</u>, 805 F.2d 1464, 1478 (11th Cir. 1986), and if hearsay, the statements are admissible under the co-conspirator exception, Fed. R. Evid. 801(d)(2)(E), because the evidence establishes that Fredrick was a co-conspirator acting in furtherance of the conspiracy. Luetolf's responses are not hearsay because they are received to make understandable the statements of a conspirator, <u>United States v. Price</u>, 792 F.2d 994, 997 (11th Cir. 1986); <u>United States v. Smith</u>, 918 F.2d 1551, 1559 (11th Cir. 1990), and may be admissible under the co-conspirator exception, an issue the Court does not yet decide.

The Court addresses the specific documents which it finds do not fall within the business records exception principles:

(1) Exhibit E, page 0053: This document is in German, and therefore the Court can determine neither its relevance nor admissibility.

(2) Exhibit 3W, page 122: There is insufficient information as to what "Medco" refers to, so the page is not relevant.

(3) Exhibit 3W, pages 160-63: There is insufficient information as to who is the sender or what is the subject.

(4) Exhibit 3W, page 236: The March 2, 2006 entry is mostly in German, and without a translation is not relevant.

(5) Exhibit 3W, page 239: The July 9, 2008 entry is mostly in German, and without a translation is not relevant.

(6) Exhibit 3EE, page 171: The May 14, 2008 entry is mostly in German, and without a translation is not relevant.

(7) Exhibit 3HH, page 0059: The two September 10, 2002 entries and the November 20, 2002 entry are in German, and without a translation is not relevant.

The documents described in paragraphs (1) through (7) will be stricken or redacted. The motion is otherwise denied.

Accordingly, it is now

**ORDERED**:

Defendant Patricia Lynn Hough's Renewed Motion to Strike UBS Records (Doc. #95) is **GRANTED** in part and **DENIED** in part as set forth above.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of October, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record